UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERCH TRAFFIC, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>  Defendants. | No. 24-cv-01269<br><br>Judge John F. Kness |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff, Merch Traffic, LLC's ("Merch Traffic" or "Plaintiff") Motion for a Preliminary Injunction against the defendants identified on Schedule A (collectively, the "Defendants") and at least using the online marketplace accounts identified therein (the "Defendant Internet Stores" or "Seller Aliases"), and this Court having heard the evidence before it, hereby GRANTS Plaintiff's Motion in its entirety.

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that each Defendant is reaching out to do business with Illinois residents by

operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase products using counterfeit versions of the Sublime trademarks and copyrights (herein, the "Sublime Trademarks" and "Sublime Copyrights"). See Docket Nos. 17-1 and 17-2, which include screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Sublime Trademarks and Copyrights.

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Merch Traffic has a likelihood of success on the merits; that no remedy at law exists; and that Merch Traffic will suffer irreparable harm if the injunction is not granted.

Specifically, Merch Traffic has proved a *prima facie* case of trademark infringement because: (1) the Sublime Trademarks are distinctive marks registered with the U.S. Patent and Trademark Office on the Principal Register; (2) the Sublime Trademarks are valid and in full force and effect; (3) Defendants are not licensed or authorized to use the Sublime Trademarks; and, (4) Defendants' use of the Sublime Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Merch Traffic. Additionally, Merch Traffic has proved a *prima facie* case of copyright infringement because: (1) the Sublime Copyrights are registered with the U.S. Copyright Office; and (2) Defendants are not licensed or authorized to use the Sublime Copyrights. Furthermore, Defendants' continued unauthorized use of the Sublime Trademarks and Copyrights irreparably harms Merch Traffic through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales.

2

Monetary damages fail to address such damage; and, therefore, Merch Traffic has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using the Sublime Trademarks, Copyrights and/or any reproductions, counterfeit copies or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Merch Traffic product or not authorized by Merch Traffic to be sold in connection with the Sublime Trademarks and/or Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Merch Traffic product or any other product produced by Merch Traffic, that is not Plaintiff's nor produced under the authorization, control or supervision of Merch Traffic nor approved by Merch Traffic for sale under the Sublime Trademarks and/or Copyrights;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Merch Traffic, or are sponsored by, approved by, or otherwise connected with Merch Traffic;

    d. further infringing the Sublime Trademarks and/or Copyrights and damaging Merch Traffic's goodwill;

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

      not manufactured by or for Merch Traffic, nor authorized by Merch Traffic to be sold or offered for sale, and which bear any of the Sublime Trademarks, Copyrights, and/or any reproductions, counterfeit copies, or colorable imitations thereof;

   f.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores or any other domain name or online marketplace account that is being used to sell, or is the means by which Defendants could continue to sell Counterfeit Sublime Products; and

   g.   operating and/or hosting websites at the Defendant Internet Stores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sublime Trademarks and/or Copyrights or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Merch Traffic product or not authorized by Merch Traffic to be sold in connection with the Sublime Trademarks and/or Copyrights.

2. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces, including but not limited to: AliExpress, Amazon, Ecrater, eBay, Printerval, Temu, Walmart, and Wish (collectively referred to as the "Online Marketplaces"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts and domain name registrars, shall within five (5) business days of receipt of this Order:

   a.   Disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the Sublime Trademarks and/or Copyrights, including any accounts associated with the Defendants;

b. Disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Sublime Trademarks and/or Copyrights; and

c. Take all steps necessary to prevent links to the Defendant Internet Stores, identified on the Schedule A, from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the online marketplace accounts or other websites operated by Defendants, including, without limitation, the Online Marketplaces, Payment Processors (as defined *infra*), advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, distributors, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Merch Traffic expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

b. The nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the online marketplace accounts, the Defendants' other Seller Aliases and/or websites, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Internet Stores and other Defendant websites;

    c. Defendants' websites and/or any online marketplace accounts;

    d. Any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, Payment Processors or other financial institutions, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

    4.    Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, in an amount not to exceed $50,000 per separate Defendant, until further ordered by this Court.

    5.    The Online Marketplaces and all other e-commerce platforms in privity with Defendants, and their respective related companies and affiliates, shall within five (5) business days of receipt of this Order:

    a. In an amount not to exceed $50,000 per separate Defendant, identify and restrain funds, as opposed to ongoing account activity, in, or which hereafter are transmitted, into the online marketplace accounts related to Defendants as identified on Schedule A, as well as all funds in, or which are transmitted, into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by the Seller Aliases identified on Schedule A;

    b. Provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and the identification of the financial account(s) which the restrained funds are

6

related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained; and,

c. Prevent the transfer or surrender of any and all funds restrained by this Order for any purpose (other than pursuant to a chargeback made pursuant to the Online Marketplace's security interest in the funds) without the express authorization of this Court.

6. The Payment Processors, including but not limited to: PayPal, Payoneer, Stripe, Amazon Payments, Alipay US, eBay, WhaleCo, Inc. d/b/a/ Temu, Walmart, ContextLogic, Inc. d/b/a Wish (collectively, the "Payment Processors") and any banks, savings and loan associations, third party payment processors, or other financial institutions, for any Defendant or any of Defendants' online marketplace accounts or websites, shall within five (5) business days of receipt of this Order:

a. Locate all accounts and funds connected to Defendants, Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A and the email addresses associated with the Defendants that are identified by either Defendants or third parties; and,

b. Restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Merch Traffic may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, and/or by sending an email to the email addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to

7

issue a single original summons in the name of "Cheap Cushion Factory Store and all other Defendants identified on Schedule A to the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or email, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. The Clerk of Court is directed to unseal any pleadings that were previously under seal.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on five (5) days' notice to Merch Traffic or on shorter notice as set by this Court.

10. The ten thousand dollars ($10,000) surety bond posted by Merch Traffic shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED in No. 24-cv-01269.

Date: October 23, 2024

JOHN F. KNESS
United States District Judge

## SCHEDULE A TO THE COMPLAINT

| No. | Defendant / Seller Alias | Marketplace URL |
|---|---|---|
| 1 | Cheap Cushion Factory Store | aliexpress.com/store/1102752567 |
| 2 | DaisyDaily Store | aliexpress.com/store/1101671648 |
| 3 | FFO Home Decor Store | aliexpress.com/store/1101744289 |
| 4 | FFO Official Store | aliexpress.com/store/1101739562 |
| 5 | Global Canvas Poster Boutique Store | aliexpress.com/store/1102924468 |
| 6 | HD poster Store | aliexpress.com/store/1101901416 |
| 7 | Hoodies Factory Store | aliexpress.com/store/1101759130 |
| 8 | JONSEY Store | aliexpress.com/store/1102662239 |
| 9 | Luxury 5D Duvet Cover Store | aliexpress.com/store/1102082215 |
| 10 | Shop1102277106 Store | aliexpress.com/store/1102278096 |
| 11 | Shop1102716447 Store | aliexpress.com/store/1102719489 |
| 12 | Shop1102731696 Store | aliexpress.com/store/1102731697 |
| 13 | Shop110300171 Store | aliexpress.com/store/1103135201 |
| 14 | Shop1103082742 Store | aliexpress.com/store/1103079733 |
| 15 | Well Home Textile Fabrics Store | aliexpress.com/store/1102036604 |
| 16 | You Socks Store | aliexpress.com/store/1102409037 |
| 17 | Alex International Shop | amazon.com/sp?seller=A32JAB62EVDP4H |
| 18 | chengdugaifeiqingshangmaoyouxiangongsi | amazon.com/sp?seller=A22TYUQLILXZEA |
| 19 | Diamond Project | amazon.com/sp?seller=A1SI8ONAZR72UL |
| 20 | Fenxxxl | amazon.com/sp?seller=A29GB6PU96HSBW |
| 21 | guangzhoukaiyikejiyouxian | amazon.com/sp?seller=AUSU84CSLU18M |
| 22 | hardware store 112 | amazon.com/sp?seller=A3M1NZ7UKPBPVN |
| 23 | KWX INC | amazon.com/sp?seller=A1PD6XIO9DX3HM |
| 24 | lianxiqufanxibaihuodian | amazon.com/sp?seller=A74Q5BKO1L0P4 |
| 27 | PROCORE STORE | amazon.com/sp?seller=A3MUYMCD68NMVM |
| 28 | ququwangwang | amazon.com/sp?seller=A2DR271JF6W2LT |

| No. | Defendant / Seller Alias | Marketplace URL |
|---|---|---|
| 29 | TTRU DESIGN | amazon.com/sp?seller=AVH1E44OLVF43 |
| 30 | Xiezb Store | amazon.com/sp?seller=A1LXIAWPVOLQ6O |
|  |  |  |
| 32 | 2015.sibor | ebay.com/usr/2015.sibor |
| 33 | audyvo-0 | ebay.com/usr/audyvo-0 |
| 34 | beyondmarket_14 | ebay.com/usr/beyondmarket_14 |
| 35 | cq-lucky | ebay.com/str/cqlucky |
| 36 | deez_online_store | ebay.com/usr/deez_online_store |
| 37 | eMoonThrifty | ebay.com/str/emoonthrifty |
| 38 | FreddyStore45 | ebay.com/str/freddystore45 |
| 39 | rogriodac_0 | ebay.com/usr/rogriodac_0 |
| 40 | THE.SHOP.CIRCUIT | ebay.com/usr/shop.circuit |
| 41 | Teeskull | ebay.com/str/teehauswear |
| 42 | zaintal32 Store | ebay.com/str/zaintal32store |
| 43 | charissashop | https://charissashop.ecrater.com/ |
| 44 | simarke | https://simarke.ecrater.com/ |
| 45 | tomifranklin1983 | https://tomifranklin1983.ecrater.com/ |
| 46 | unikue | https://unikue.ecrater.com/ |
| 47 | Bryan Wallace | https://printerval.com/shops/bryan-wallace |
| 48 | DanieAndrade | https://printerval.com/shops/danieandrade |
| 49 | DaviZhang | https://printerval.com/shops/davizhang |
| 50 | ElectriLinda kane | https://printerval.com/shops/electrilinda-kane |
| 51 | Gaurav Chaudhari | https://printerval.com/shops/gaurav-chaudhari |
| 52 | Golam Sarwar | https://printerval.com/shops/golam-sarwar |
| 53 | Greg Gilbert | https://printerval.com/shops/greg-gilbert |
| 54 | Isabel Ramos | https://printerval.com/shops/isabel-ramos |
| 55 | Lisette Turkey Doro | https://printerval.com/shops/lisette-turkey-doro-s3522 |
| 56 | Matthew Pondiscio | https://printerval.com/shops/matthew-pondiscio |
| 57 | Mr Thuntubele | https://printerval.com/shops/mr-thuntubele |

| No. | Defendant / Seller Alias | Marketplace URL |
|---|---|---|
| 58 | Ratts Tyerel | https://printerval.com/shops/ratts-tyerel-s592 |
| 59 | Switzerland | https://printerval.com/shops/switzerland-s1793 |
| 61 | DRESDNSWALLART | temu.com/dresdnswallart-m-634418211515792.html |
| 63 | FIOXO | temu.com/fioxo-m-251414362194.html |
| 64 | HELENS Clothing | temu.com/helens-clothing-m-4243581173207.html |
| 67 | Luhuman | temu.com/luhuman-m-4888232994777.html |
| 68 | Minhwa Art | temu.com/minhua-art-m-4835680674378.html |
| 69 | Search me now | temu.com/search-me-now-m-3484117269212.html |
| 70 | Ur Focus | temu.com/ur-focus-m-3875847257070.html |
| 71 | WJORATA | temu.com/wjorata-m-4097414873891.html |
| 73 | Jinan Yuanke Trading Co., Ltd. | walmart.com/seller/101300954 |
| 75 | Wanning Langrun Co., Ltd. | walmart.com/seller/101308552 |
| 76 | Yanxin Joy | walmart.com/seller/101296728 |
| 77 | echuang_ltd | wish.com/merchant/5dda7d40bcf24845e088d096 |
| 78 | happy hong | wish.com/merchant/5b51839ab419d51c086c64cb |
| 79 | huanyugaoke | wish.com/merchant/59be008d8696be6b46ecd01f |
| 80 | Humengmeng25536 | wish.com/merchant/5e70bf8f29e786346e97949f |
| 81 | PathumWan-Wear | wish.com/merchant/601ebd7e480971a160c6d6f1 |
| 82 | Vittorio | wish.com/merchant/648fc9abfcc1100b25e1bb83 |
| 83 | yulili1212 | wish.com/merchant/59ca585821064f4986d39002 |
| 84 | zhangxiaojian5774 | wish.com/merchant/5ebe1dc510c35c14068d75f1 |
| 85 | Army Merch Shop | armymerch.shop |
| 86 | BrightRoomy | brightroomy.com |

| No. | Defendant / Seller Alias | Marketplace URL |
|---|---|---|
| 87 | Dreamrooma | dreamrooma.com |
| 88 | Fadogear | fadogear.com |
| 89 | FamilyLoves.com | familyloves.com |
| 90 | HanFantasy | hanfantasy.com |
| 91 | Inktee Store | inkteeshop.com |
| 92 | STOREPA | storepa.com |